UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RIVER VENTURES, L.L.C.** | **CIVIL ACTION NO.** |
| VS. | JUDGE: |
| **GENESIS VENTURE LOGISTICS, L.L.C.** | MAGISTRATE JUDGE: |

### COMPLAINT

Plaintiff, River Ventures, L.L.C. ("River Ventures"), files this Complaint against Defendant, Genesis Venture Logistics, L.L.C., averring as follows:

#### PARTIES AND JURISDICTION

1.

Plaintiff, **River Ventures**, is a Louisiana limited liability company licensed to do and doing business within the state of Louisiana.

2.

Defendant, **Genesis Venture Logistics, L.L.C. ("Genesis")**, is a Louisiana limited liability company licensed to do and doing business in the state of Louisiana. Genesis' principal place of business is in St. Tammany Parish, within the Eastern District of Louisiana, where it regularly conducts business such that it is subject to the jurisdiction of this Court.

3.

This Court has personal jurisdiction over Defendant because its member and manager resides in the Eastern District of Louisiana, and Defendants activities giving rise to this action occurred in the Eastern District of Louisiana. As such, venue is proper under 28 U.S.C. § 1391.

4.

This court has subject matter jurisdiction under 28 U.S.C. § 1333 because this matter concerns the breach of a maritime contract to pay charter hire.

## FACTS

5.

River Ventures is engaged in the business of towing assorted cargo and passenger vessels on the Mississippi River and the Gulf Intracoastal Waterway.

6.

Genesis is a logistics and transportation company that arranges transportation of its customers' cargo across the world.

7.

Upon information and belief, Genesis was hired by Pontchartrain Partners, L.L.C. ("Pontchartrain Partners") to coordinate the logistics of transporting materials necessary for the Texas City Dike Project (the "Materials") from New Orleans, Louisiana to Galveston, Texas.

8.

To fulfill its commitment to Pontchartrain Partners, Genesis hired River Ventures, on three separate occasions between November 21, 2018 and January 11, 2019, to transport by tug six barges from New Orleans to Galveston (and back) with a minimum of 8,400 tons of Material at a rate of $10.00 per ton, plus a demurrage standby rate for any off-loading in excess of 48 hours.

9.

River Ventures completed those assignments and subsequently invoiced Genesis for the work. Specifically, River Ventures invoiced Genesis (1) $96,375.00 for the transport services provided from November 21, 2018 – December 8, 2019; (2) $92,500.00 for the transport services

provided from December 9, 2018 – December 22, 2018; and (3) $99,000.00 for the transport services provided from December 28, 2018 – January 11, 2019 (the "Invoices"). *See* Exhibit A, *in globo*, River Ventures' Invoices to Genesis.

10.

At no time between any of the three assignments did Genesis ever object to River Ventures' Invoices. Indeed, Genesis hired River Ventures and continued to accept River Ventures' services for thirty-three consecutive days after River Ventures issued its first Invoice.

11.

Upon information and belief, Pontchartrain Partners paid Genesis for the transportation of the Materials. Genesis has not, however, made any payments to River Ventures on any of the Invoices despite Genesis itself having been paid by its customer for that work. The total principal amount due under those Invoices remains $287,875.00.

12.

On 21 June 2019, River Ventures sent a demand letter ("Demand Letter") to Genesis regarding the unpaid Invoices via U.S. Certified Mail, demanding payment of the full principal amount within thirty days. *See* Exhibit B, River Ventures' Demand Letter. Despite having received the Demand Letter, Genesis has failed to pay any amounts on the Invoices. *See* Exhibit C, Certified Mail Receipt of Demand Letter.

### CAUSES OF ACTION

*Count 1 – Breach of Contract*

13.

River Ventures incorporates and re-alleges the facts and allegations contained in the preceding paragraphs.

14.

River Ventures and Genesis are parties to a valid and enforceable maritime contract whereby River Ventures agreed to provide towing services to Genesis in exchange for Genesis' payment for same.

15.

River Ventures performed its obligations and towed six barges on behalf of Genesis from New Orleans to Galveston (and back) on three separate occasions, but Genesis breached the contract by failing to pay River Ventures for the services provided, in the full principal amount of $287,875.00.

16.

Genesis' breach of contract has given rise to damages in the principal amount of $287,875.00, as well as all accrued pre- and post-judgment judicial interest until paid.

*Count 2 – Suit on Open Account*

17.

River Ventures incorporates and re-alleges the facts and allegations contained in the preceding paragraphs.

18.

River Ventures established an open account with Genesis so that River Ventures would provide its towing services to Genesis on credit.

19.

Under the terms of the open account, River Ventures issued $287,875.00 in Invoices for the services provided to Genesis.  *See* Exhibit A, *in globo*, River Ventures Invoices.  All the Invoices are unpaid and overdue.

20.

Accordingly, River Ventures is entitled to payment of the principal amount of $287,875.00, plus attorney's fees, cost, and all accrued pre- and post-judgment judicial interest until paid.

### *Count III – Unjust Enrichment*

21.

River Ventures incorporates and re-alleges the facts and allegations contained in the preceding paragraphs.

22.

River Ventures provided its transport services to Genesis on three separate occasions, for which Genesis received a direct benefit.  In particular, Genesis was, upon information and belief, paid by its customer, Pontchartrain Partners, for the delivery of the Materials.

23.

Although Genesis availed itself of River Ventures' services and profited from same, it has failed to pay River Ventures the value of its services, which total $287,875.00.

24.

Genesis has, therefore, been enriched by the acceptance of River Ventures' services without compensating River Ventures for that work, and, as a result, River Ventures has been correspondingly impoverished.

25.

No justification exists for Genesis' enrichment at the expense of River Ventures, and as such, River Ventures is entitled to damages in the amount of the value of its services provided to Genesis.

**WHEREFORE**, River Ventures, L.L.C. prays that, upon final trial of this cause, the Court enter judgment in favor of River Ventures, L.L.C. and against Genesis Venture Logistics, L.L.C. for all actual, economic, benefit of the bargain, and special damages; out-of-pocket costs, expenses, and reliance damages; pre- and post-judgment interest; costs of suit; and any other relief to which River Ventures, L.L.C. may be justly entitled.

Respectfully Submitted,

**DAIGLE FISSE & KESSENICH, PLC**

*/s/ Michael W. McMahon*
Michael W. McMahon (23987)
mmcmahon@daiglefisse.com
Paul R. Trapani, III (32735)
ptrapani@daiglefisse.com
P.O. Box 5350
Covington, LA  70434-5350
Tel: 985/871-0800
Fax: 985/871-0899
***Attorneys for River Ventures, L.L.C.***