# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RIVER VENTURES, L.L.C.** | **CIVIL ACTION NO. 2:19-cv-12376** |
| VS. | JUDGE: ZAINEY |
| **GENESIS VENTURE LOGISTICS, L.L.C.** | MAGISTRATE JUDGE: DOUGLAS |

## RIVER VENTURES L.L.C.'S FIRST SUPPLEMENTAL AND AMENDING COMPLAINT

Plaintiff, River Ventures, L.L.C. ("River Ventures"), files this First Supplemental and Amending Complaint averring as follows:

1.

Plaintiff re-alleges and re-avers all factual and legal allegations made in its original Complaint [Doc. 1] as if set forth fully herein, with the following additions.

2.

Made additional Defendant is **Lorraine Hyde**, an individual of the age of majority domiciled in the Parish of St. Tammany, State of Louisiana.

3.

This Court has personal jurisdiction over Defendant Hyde because she resides in the Eastern District of Louisiana, and Defendant's activities giving rise to this action occurred in the Eastern District of Louisiana. As such, venue is proper under 28 U.S.C. § 1391.

4.

This Court has subject matter jurisdiction over the stated alter-ego theories of liability against Defendant Hyde under 28 U.S.C. § 1333 because the underlying claims arose pursuant to the breach of a maritime contract to pay charter hire.

5.

Lorraine Hyde is sole manager and member of co-Defendant, Genesis Venture Logistics, L.L.C. ("Genesis").

6.

Genesis was hired by Pontchartrain Partners, L.L.C. ("Pontchartrain Partners") to coordinate the logistics of transporting materials necessary for the Texas City Dike Project (the "Materials") from New Orleans, Louisiana to Galveston, Texas.

7.

To fulfill its commitment to Pontchartrain Partners, Genesis hired River Ventures, on three separate occasions between November 21, 2018 and January 11, 2019, to transport by tug six barges from New Orleans to Galveston (and back) with a minimum of 8,400 tons of Material at a rate of $10.00 per ton, plus a demurrage standby rate for any off-loading in excess of 48 hours.

8.

River Ventures completed those assignments and subsequently invoiced Genesis for the work. Specifically, River Ventures invoiced Genesis (1) $96,375.00 for the transport services provided from November 21, 2018 – December 8, 2019; (2) $92,500.00 for the transport services provided from December 9, 2018 – December 22, 2018; and (3) $99,000.00 for the transport services provided from December 28, 2018 – January 11, 2019 (the "Invoices").

9.

At no time between any of the three assignments did Genesis ever object to River Ventures' Invoices. Indeed, Genesis hired River Ventures and continued to accept River Ventures' services for thirty-three consecutive days after River Ventures issued its first Invoice.

10.

Upon information and belief, Pontchartrain Partners paid Genesis for the transportation of the Materials. Genesis has not, however, made any payments to River Ventures on any of the Invoices despite Genesis itself having been paid by its customer for that work. The total principal amount due under those Invoices remains $287,875.00.

11.

On 21 June 2019, River Ventures sent a demand letter ("Demand Letter") to Genesis regarding the unpaid Invoices via U.S. Certified Mail, demanding payment of the full principal amount within thirty days. Despite having received the Demand Letter, Genesis has failed to pay any amounts on the Invoices.

12.

On or around 29 August 2019, River Ventures filed the instant lawsuit against Genesis claiming Breach of Contract, Suit on Open Account, and Unjust Enrichment.

13.

Defendant Hyde is, in her individual capacity, liable for the debts owed to River Ventures by Genesis because, upon information and belief, Hyde used the corporate identity of Genesis to commit fraud on River Ventures.

14.

Specifically, Hyde, through Genesis, represented to River Ventures that Genesis could and would pay for its transport services, and River Ventures relied on that representation in performing the work.

15.

Upon information and belief, Hyde knew, however, that Genesis could not and would not pay River Ventures for its transport services. In particular, despite Genesis having been paid for the services by its customer, Pontchartrain Partners, Hyde refused to pay River Ventures' invoices.

16.

Moreover, at or around the same time River Ventures was seeking payment from Genesis, Hyde, thorough Genesis, entered into a factoring agreement with AmeriFactors Financial Group, LLC ("AmeriFactors"). As part of that factoring agreement, Hyde, through Genesis, factored certain invoices issued to Dunham-Price Group LLC ("Dunham Price") in the amount of $635,976.70. Despite receiving additional capital through that factoring agreement, Hyde still failed to pay River Ventures' Invoices, thereby further evidencing Hyde's intent to obtain River Ventures' services without paying for same.

17.

Hyde, as the sole member of Genesis, exercised her control over the company to use the corporate identity of Genesis to perpetuate fraud on River Ventures for her own personal benefit and to the detriment of River Ventures. As such, the corporate debt of Genesis to River Ventures should be imposed on Hyde in her individual capacity.

18.

River Ventures made an amicable demand to Hyde on or around 21 June 2019. To date, Hyde has not responded to that demand nor paid the overdue Invoices.

**WHEREFORE**, River Ventures, L.L.C. prays that, upon final trial of this cause, the Court enter judgment in favor of River Ventures, L.L.C. and against Genesis Venture Logistics, L.L.C. and Lorraine Hyde, in her individual capacity, for all actual, economic, benefit of the bargain, and special damages; out-of-pocket costs, expenses, and reliance damages; pre- and post-judgment interest; costs of suit; and any other relief to which River Ventures, L.L.C. may be justly entitled.

Respectfully Submitted,

**DAIGLE FISSE & KESSENICH, PLC**

*/s/ Michael W. McMahon*
Michael W. McMahon (23987)
mmcmahon@daiglefisse.com
Paul R. Trapani, III (32735)
ptrapani@daiglefisse.com
P.O. Box 5350
Covington, LA 70434-5350
Tel: 985/871-0800
Fax: 985/871-0899
***Attorneys for River Ventures, L.L.C.***

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the above and foregoing pleading has been served upon all counsel of record by ECF filing, depositing same in the United States Mail, postage prepaid and properly addressed, by hand delivery, or by facsimile transmission, this 4th day of February, 2020.

*/s/ Michael W. McMahon*
MICHAEL W. McMAHON